UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:09-CR-00202 |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| CAESAREA JAMES | : | |

This matter is before the Court on Defendant's Motion to Permit Pro Se Filing by Defendant (doc. 49) and the Government's response thereto (doc. 50).

Defendant was indicted by the federal grand jury on December 16, 2009, and a superseding indictment was filed on April 20, 2010, alleging wire fraud, mail fraud, fictitious obligations and bankruptcy fraud all arising from Defendant's purchase of real estate in Ohio and Michigan. On September 8, 2010, Defendant, through counsel, filed various motions to dismiss, sever and strike (docs. 26, 27, 28, 29, 30), and on September 16, 2010, Defendant filed pro se a Motion for Dismissal of Indictment or the Latter Grant Order for the Prosecutor to Produce Grand Jury Material (doc. 33). Because Defendant was well-represented by counsel, in its Opinion and Order of September 21, 2010, the Court declined to consider Defendant's pro se motion (doc. 39). The Court granted Defendant's counsel's Motion to Dismiss Counts 1, 2, and 3 (doc. 26), with its Opinion and Order of September 23, 2010 (doc. 43). The Government filed a second superseding indictment on October 6, 2010, setting forth four charges against Defendant: wire fraud, mail fraud, fictitious obligations and bankruptcy fraud (doc. 45).

After holding a status conference in this matter on October 7, 2010, with counsel for Defendant and the Government present, the Court set trial for Count 4, the bankruptcy charge, to begin on November 3, 2010, and for Counts 1, 2 and 3 to begin on November 30, 2010, finding that the ends of justice outweighed the interests of the public and Defendant in a speedy trial (doc. 48).

Despite the fact that Defendant's counsel submitted five motions on Defendant's behalf, some of which were granted by the Court, Defendant has instructed his counsel to submit the instant motion so that the Court will rule on the merits of the issues presented in Defendant's pro se Motion for Dismissal of Indictment or the Latter Grant Order for the Prosecutor to Produce Grand Jury Material (doc. 33).  Citing Anders v. California, 386 U.S. 738 (1967), Defendant's counsel filed the instant motion, which asks the Court to reach the merits of Defendant's pro se motion and includes additional information as exhibits.  The Government filed a response to Defendant's motion, which includes its arguments against the position maintained by Defendant in his pro se motion (doc. 50).

The Court GRANTS the instant motion (doc. 49) and will therefore reach the merits of Defendant's pro se Motion for Dismissal of Indictment or the Latter Grant Order for the Prosecutor to Produce Grand Jury Material (doc. 33).  For the following reasons, the Court DENIES that motion on the merits (doc. 33).

2

**I.   Defendant's Motion**

The bulk of Defendant's motion centers on his allegations that his prosecution is retaliatory (either because of his race or because he filed certain civil actions against the lenders he is now being charged with defrauding) and that the prosecutor has failed to account for the lenders' illegal and discriminatory actions regarding the loans at issue (doc. 33).  His other primary contention is that he lacked the requisite intent to commit the crimes he is charged with because of mental issues he suffers from resulting from a childhood injury (Id., doc. 49).

In addition, Defendant argues that the Government lacks standing to prosecute him because any injury "they have suffered in this context is one shared by society at large," and cites several civil cases for support (Id.).  Defendant also argues that the indictment is insufficient because it fails to allege that the lender/victims were deprived of property since, according to Defendant, the loans did not come from the lenders but from a "Mortgage Back [sic] Security Pool."  He also argues that the Government's case should be dismissed because it is the lenders who have committed deceitful practices, alleging that they failed to adhere to required practices (Id.).  In short, Defendant claims that the Government is being used by the lenders to "get even" with him for having instituted civil actions against them regarding the loans he obtained for the purchase of the Ohio and Michigan real estate.  Indeed, for example, Defendant claims that the tax returns

3

that he is alleged to have falsified pursuant to the indictment were, instead, falsified by the lenders themselves, and he thus objects to the admissibility of copies of the tax returns.

With respect to the fictitious obligations charge, Defendant claims that he was a victim of predatory lending, did not know that the check he passed was bad, and he could not have known it was bad because he suffers from bipolar disease and suffers from dyslexia and dyscalculia (<u>Id</u>.).[1]

With respect to the bankruptcy fraud charge, Defendant claims that the form he is alleged to have filled in falsely is not clear, and the Government, in violation of the Americans with Disabilities Act, did not provide any assistance to him in filling out the form.  As a result, he relied on help from an "every day citizen" who told him that if a prior filing was dismissed because of procedural error it would not count as a prior filing so he would not have to disclose it.  He argues, therefore, that he could not have had the <u>mens rea</u> to commit bankruptcy fraud since he did not know the law and the Government did not provide him any assistance in understanding the law.  Again, he refers the Court to his bipolar disorder and "blindness" as "proof" that he could not have committed bankruptcy fraud.  He also claims that he was told

---

[1] The Court notes that Defendant repeatedly refers to himself as "blind" or "legally blind" or "readably blind" and appears to use those terms interchangeably.  While he has presented some documents indicating that he has in the past self-reported as having been diagnosed with both dyslexia and dyscalculia, the eye examination he submitted with the instant motion shows a diagnosis of myopia, not blindness (doc. 49).

4

by the places he contacted to receive free legal advice that they had waiting lists, which he alleges is a violation of the ADA.

Defendant also alleges that the Government violated his due process rights by presenting him to the grand jury as "Caesarea James a/k/a Willy Beaver" in order to prejudice the jury against him (indeed, he claims that the reference to the alias "inflamed the minds" of the grand jurors and "screams Defendant's due process rights were violated"); by using perjured testimony (the bankruptcy filings, which he alleges simply failed to "follow the court rules...due to mental illness"); and by failing to present exculpatory information to the grand jury. He requests, therefore, access to all materials presented to the grand jury as well as all internal DOJ memoranda and emails regarding his prosecution.

## II. The Government's Response

With respect to Defendant's standing arguments, the Government notes that Defendant relies on the civil standing standard of loss causation and injury, which standard is inapplicable in criminal cases (doc. 50). Regarding Defendant's argument that the lenders suffered no deprivation of property, the Government notes that Defendant's assertion that the lenders sold the loans and are therefore not the true victims has no evidentiary basis (Id.). In any event, the Government directs the Court to the fact that, in a criminal prosecution, the Government need only prove that Defendant deprived or attempted to deprive someone, and who actually owns the loans does not go to the elements the

5

Government must prove at trial (Id.).

The Government notes that Defendant raises several fact-related issues in his motion such as, for example, his claim that the tax returns were falsified by the lenders or were the result of a glitch in his accountant's computer (Id.). Such factual disputes, the Government contends, are not a basis for a dismissal of the indictment but, instead, are to be resolved at trial, to the extent they are relevant to the charges (Id.). Finally, the Government responds to Defendant's demand for all grand jury materials and all DOJ correspondence regarding his case by observing that Defendant has pointed to any specific facts supporting an allegation of grand jury abuse and has not shown that he has a "particularized need" for the release of the requested materials (Id.). Consequently, the Government urges the Court to deny Defendant's motion.

## III. Discussion and Conclusion

The Court finds the Government's position well-taken and its arguments persuasive. First, a dismissal of the indictment is not the proper remedy to resolve factual disputes. Defendant will be given an opportunity to defend himself through counsel at trial, where he will be able to attack the Government's case and put on his own defense, and he can raise relevant factual disputes in that forum, which issues will be decided by the jury. If he is successful in convincing the jury that he lacked the necessary mens rea for the crimes he is charged with, the Government would be

unable to prove that element.  In a criminal case, determining whether the Government has proved each element of the charges presented is the very point of a trial by jury.  The trial, therefore, is the appropriate forum for Defendant's possible defenses and for his factual contentions, including, for example, his alleged lack of <u>mens rea</u>, his "blindness", and victimization by the lenders, or his allegation that the prosecution is race-based or retaliatory for him having filed civil actions against the lenders.

Second, Defendant's allegations that the lenders engaged in deceitful practices by not adhering to required practices and that the ADA was violated when he had to seek help from an "every day citizen" to fill out his bankruptcy petition are not allegations that have any bearing on this criminal case because they are not defenses to the crimes charged.  Instead, they are more properly allegations of civil liability, which is not implicated by this criminal case.

Third, as the Government notes, Defendant has applied civil standards regarding standing and property loss to this criminal case, and the Court is not moved by Defendant's attempt to conflate the issues.  This is a criminal case, and the only standard truly in play here is that the Government must prove each element of each charge beyond a reasonable doubt.  The Court cautions Defendant that it will not tolerate any further attempts by Defendant to cloud this criminal case with irrelevant civil

7

standards or matters.

Finally, Defendant is not entitled to the grand jury material or any DOJ correspondence regarding his case. Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows a court to authorize the disclosure of grand jury material to a "defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." However, a defendant seeking access to grand jury materials must show a "compelling necessity" in order to break the "indispensible secrecy of grand jury proceedings" by establishing a "particularized need". United States v. Proctor & Gamble Co., 356 U.S. 677, 681-83 (1958).

Here, Defendant argues that the inclusion of the alias "Willy Beaver" violated his due process rights by inflaming the grand jury. The Court notes that a grand jury indicted Defendant on October 6, 2010, with an indictment that did not include that alias (doc. 45), so Defendant's assertion regarding the alias is moot. Defendant also claims that the Government presented perjured testimony to the grand jury when it secured the bankruptcy fraud charge because the bankruptcy filings he had previously made were dismissed by the court for failing to follow the filing rules because of his mental illness, "being blind and unable to find someone to assist" him in filling out the forms (doc. 33). This does not amount to perjured testimony—at best, these contentions go to a possible defense regarding Defendant's mens rea, but Defendant has offered nothing to suggest that the filings were fabricated or

8

falsified by the Government such that they amount to perjured testimony or false evidence. Defendant cannot get access to the grand jury material via that assertion. Similarly, Defendant's assertion that the Government failed to present exculpatory evidence to the grand jury is without any support in the record. Indeed, it is utterly unclear what exculpatory evidence Defendant is even referring to. The Court is left to assume that Defendant believes that evidence of his bipolar disease, his dyslexia and his dyscalculia would be exculpatory, as well as, for example, some receipts he had in his possession regarding the incidents forming the basis of the fictitious obligations charge. However, even if such evidence were exculpatory, the Government need not present exculpatory evidence in its possession to the grand jury. See United States v. Williams, 504 U.S. 36 (1992). Defendant cannot break the seal of silence of the grand jury proceedings on the basis of an assertion that the Government did not produce exculpatory material to the grand jury, and Defendant has provided no support for the contrary position. Defendant's general accusation of prosecutorial misconduct is based on either speculation or arguments that are legally off-base. He has by no means shown that his case is that extraordinary case where the disclosure of grand jury materials is warranted.

For the foregoing reasons, the Court DENIES Defendant's Motion for Dismissal of Indictment or the Latter Grant Order for the Prosecutor to Produce Grand Jury Material (doc. 33).

The Court notes that Defendant asked for a continuance in his pro se motion  "so both sides may go over evidence requested from prosecutor and issues of law as well as expert testimony on defendant's illness and disability" (doc. 33).  The Court has denied Defendant's request for the grand jury material, making moot the issue of needing more time to "go over evidence requested from prosecutor."  In addition, the Court has twice granted continuances in this case when requested by Defendant's counsel and has found that the ends of justice require setting this case for trial on the bankruptcy count for November 3 and on the wire fraud, mail fraud and fictitious obligations charge for November 30 (doc. 48).  Mr. James has shown no reason why this case should be continued further, and the Court therefore denies the request made in Defendant's pro se motion.


          SO ORDERED.

Dated: October 14, 2010        s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge