UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA   :   NO. 1:09-CR-00202
                                                          :
v.                                                     :   **OPINION & ORDER**
                                                          :
CAESAREA JAMES, JR.               :

       This matter is before the Court on Defendant's Motion to Dismiss Count Four of the Second Superseding Indictment for Failure to State an Offense (doc. 58) and the Government's response in opposition (doc. 60). For the following reasons, the Court DENIES Defendant's Motion (doc. 58).

       Defendant was indicted by the federal grand jury on December 16, 2009, and a superseding indictment was filed on April 20, 2010, alleging wire fraud, mail fraud, fictitious obligations and bankruptcy fraud all arising from Defendant's purchase of real estate in Ohio and Michigan. On September 8, 2010, Defendant filed various motions to dismiss, sever and strike (docs. 26, 27, 28, 29, 30). The Court granted Defendant's Motion to Dismiss Counts 1, 2, and 3 (doc. 26) with its Opinion and Order of September 23, 2010 (doc. 43). The Government filed a second superseding indictment on October 6, 2010, setting forth four charges against Defendant: wire fraud, mail fraud, fictitious obligations and bankruptcy fraud (doc. 45).

Defendant, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), now moves to dismiss the bankruptcy charge, Count 4 of the Second Superseding Indictment (doc. 58). Defendant argues that Count 4 fails to charge an offense under federal law because it does not sufficiently allege that a "case under Title 11" was pending at the time Defendant allegedly made a false statement. Specifically, he contends that no "case under Title 11" can exist until a petition is filed so any allegedly false statements made on the petition itself cannot have been made in relation to a then-existing Title 11 case. In essence, Defendant's position is that a bankruptcy case must first come into being, through, for example, the filing of a petition, before any statements can be made in relation to that case. Here, Defendant is charged with making false statements on the petition itself, and Defendant contends that any such statements therefore cannot be seen to have been made in relation to the case the petition initiated.

In the alternative, Defendant argues that the charge should be dismissed because statements made on a bankruptcy petition and a local form are not the type of statements that can be prosecuted under a perjury statute. For this proposition, Defendant cites Dunn v. United States, 442 U.S. 100, 112-13 (1979), where the Supreme Court held that a perjury prosecution could not rest on statements made in contexts less formal than a deposition.

In response, the Government contends that a false statement in

bankruptcy can exist in the petition or any other case-originating document (doc. 60). The Government contends that the statutory language supports this position and that the statute does not require that the elements of the crime occur in any particular sequence. The Government notes that Defendant offered no case law for his contrary position, whereas many courts have found that a false statement on a bankruptcy petition is a violation of 18 U.S.C. §152 (Id., citing inter alia United States v. Beach, 228 Fed.Appx. 816 (10th Cir. 2007); United States v. Lindholm, 24 F.3d 1078, 1093 (9th Cir. 1994)).

Regarding Defendant's alternative argument, the Government first notes that Defendant provided no case law applying Dunn to a Section 152 charge or any case law or other authority suggesting that Dunn's holding should extend beyond the specific perjury statute at issue in Dunn, 18 U.S.C. § 1623 (false declarations before grand jury or court). The Government further notes that Dunn held that the deposition-formality requirement of Section 1623 does not even apply to the general perjury statute, Section 1621, so it cannot be extended to apply to a Section 152 charge. Finally, the Government contends that under Defendant's logic there could never be a conviction under Section 152(3) based on a bankruptcy petition, schedule, proof of claim or any other written document, which is contrary to the extensive case law holding otherwise.

The Court is unmoved by Defendant's motion. As the Government

noted, Defendant has offered no cases supporting this novel position that a statement made in a bankruptcy petition cannot form the basis of a charge under Section 152(3), and neither has Defendant refuted the existing case law to the contrary. Indeed, the Sixth Circuit, albeit in dicta, has spoken on this issue in Interstate Finance Corp. v. Scrogham, 265 F.2d 889, 891 (1959), when it noted that "[t]he debtor herein either intentionally or carelessly violated a fundamental element of this proceeding. He took an oath that the allegations of the petition and the schedules were true to the best of his 'knowledge, information and belief.' If such oath were knowingly and fraudulently made he would be liable to criminal prosecution. Sec. 152, Title 18 U.S. Code." The Court can find no reason why the Sixth Circuit's interpretation of Section 152 in Scrogham should not be compelling here.

Section 152(3) of 18 U.S.C. refers to a person who "knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11...." The phrase "in relation to" clearly indicates that statements made in connection with a bankruptcy proceeding fall within the ambit of the statute, which includes statements made in the petition or any other case-originating documents. To find that the petition is not connected with the proceeding it generates is simply illogical. The statute does not require, and no case law holds, that the case must first be born before any false statements made in connection with it can form the

4

basis of a Section 152 charge. Defendant's position would essentially give debtors license to file bankruptcy petitions riddled with false statements, a position this Court cannot endorse.

Similarly, the Court finds misplaced Defendant's reliance on Dunn for his position that a charge of making a false statement on a bankruptcy petition cannot lie because a bankruptcy petition is less formal than a deposition. As the Government noted, Dunn dealt with a specific perjury statute, and no authority supports the idea that Dunn's holding should extend beyond that statute, let alone that it should reach Section 152. See Dunn, 442 U.S. 100. Dunn simply is not applicable or instructive here. Consequently, the Court is unpersuaded by Defendant's alternative argument.

For the reasons above, the Court thus DENIES Defendant's Motion to Dismiss Count Four of the Second Superseding Indictment for Failure to State an Offense (doc. 58).

SO ORDERED.

Dated: November 2, 2010      S/Susan J. Dlott
                             Susan J. Dlott
                             Chief United States District Judge